UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-455-FDW

| ROBERT S. BALLARD, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| G. HAYNES, et al., | ) **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1), and on Plaintiff's Motion for Preliminary Injunction, Motion for Hearing, (Doc. No. 3). On February 8, 2018, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 9). Thus, Plaintiff is proceeding in forma pauperis.

**I.     BACKGROUND**

Pro se Plaintiff Robert S. Ballard is an inmate of the State of North Carolina, currently incarcerated at Central Prison in Raleigh, North Carolina. Plaintiff filed this action on July 31, 2017, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) G. Haynes, identified as a doctor at Lanesboro Correctional Institution; (2) Olushola J. Metiko, identified as a doctor at Lanesboro; and (3) the NCDPS Utilization Review Board. On October 23, 2017, Plaintiff filed a notice of voluntary dismissal as to Defendant Metiko. (Doc. No. 6).

Plaintiff purports to bring a claim against Defendant Haynes and the Utilization Review Board for deliberate indifference to serious medical needs based on events that occurred while he was incarcerated at Lanesboro Correctional Institution. Specifically, Plaintiff alleges that while

1

he was at Lanesboro, Defendants refused to give Plaintiff certain pain medication that Dr. Price had ordered for Plaintiff while Plaintiff was at UNC Hospital. Plaintiff alleges that he is suffering from chronic pain as a result of the discontinuation of the pain medication. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a

2

detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

The Court finds that, assuming that Plaintiff's allegations are true, and drawing all

3

reasonable inferences in his favor, Plaintiff's claim against Defendant Haynes for deliberate indifference to serious medical needs is not clearly frivolous. Thus, this action survives initial review as to Defendant Haynes. As to Defendant "Utilization Review Board," the review board is not a "person" subject to suit under Section 1983. See Diaz v. Lee, 104 Fed. Appx. 321, 322 n.* (4th Cir. 2004) ("We note that because the Utilization Review Board ("URB") is not a "person" under § 1983, it was not necessary for the district court to address the merits of Diaz's claims against it."). Thus, Defendant Utilization Review Board is dismissed as a Defendant.

Next, as to Plaintiff's motion for preliminary injunction and for a hearing on the motion, Plaintiff alleges that since Defendant Haynes changed Plaintiff's pain medication, he has suffered severe pain. Plaintiff seeks an order from the Court requiring the doctors at Central Prison to continue the pain medications as ordered by Dr. Price at UNC Hospital. To obtain a preliminary injunction, a plaintiff must show: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Here, Plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if the motion is not granted. Therefore, the Court will deny Plaintiff's motion for a preliminary injunction.

### IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has alleged a claim for deliberate indifference to serious needs sufficient to survive this Court's initial review as to Defendant Haynes. Defendant Utilization Review Board is dismissed as a Defendant.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint survives initial review under 28 U.S.C. § 1915(e).

2. Plaintiff's Motion for Preliminary Injunction, Motion for Hearing, (Doc. No. 3), is **DENIED**.

3. **IT IS FURTHER ORDERED THAT** the U.S. Marshal shall effectuate service on Defendant Haynes using the summons form attached to the Complaint.

Signed: February 12, 2018

Frank D. Whitney
Chief United States District Judge