UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-455-FDW

| ROBERT S. BALLARD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| G. HAYNES, | ) | ORDER |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on a Motion for Summary Judgment by Defendant Gregory Haynes, M.D. (Doc. No. 22).

## I. BACKGROUND

Pro se Plaintiff Robert S. Ballard is a North Carolina inmate currently incarcerated at Central Prison in Raleigh, North Carolina. Plaintiff filed this action on July 31, 2017, under 42 U.S.C. § 1983, alleging that Defendant Haynes was deliberately indifferent to Plaintiff's serious medical needs while Plaintiff was incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. Specifically, Plaintiff alleges that Haynes inappropriately changed his acuity level, reduced his pain prescription for oxycodone, and denied him an air mattress. (Doc. No. 1 at 5-7).

On August 2, 2017, the Court entered an Order requiring Plaintiff to demonstrate that he had exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). (Doc. No. 4). In response to the Order, Plaintiff submitted a Step-Three Response to Unit Grievance No. 4865-2017-NPODA05204. (Doc. No. 5). The Step-Three Response states: "Robert S.

1

Ballard filed this grievance on June 19, 2017, at Lanesboro Correctional Institution. He asserts that his medication has not been issued timely." (Doc. No. 5 at 2). The Step-Three Response was dated August 9, 2017, which was seventeen days after Plaintiff signed the Complaint and tendered it for filing in this Court.

On October 3, 2018, Haynes filed his Answer and asserted his defense of Failure to Exhaust Administrative Remedies Pursuant to the Litigation Reform Act 42 U.S.C. § 1997e(a). (Doc. No. 21). Defendant filed the pending summary judgment motion on the same day based on Plaintiff's failure to exhaust his administrative remedies. On October 10, 2018, this Court entered an order, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. (Doc. No. 25). Plaintiff has filed his response, and Defendant Haynes has filed a Reply. (Doc. Nos. 27, 29).

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### III. DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524). Finally, it is well-settled that a prisoner may not exhaust his administrative remedies during the pendency of a Section 1983 action; rather, he must fully exhaust all steps of the administrative process before filing his lawsuit. See Germain v. Shearin, 653 Fed. Appx. 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011).

The North Carolina Department of Public Safety ("NCDPS") has established, in its Administrative Remedies Procedures ("ARP"), a three-step procedure governing submission and review of inmate grievances. Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). As stated above, the only grievance submitted by Plaintiff was the Step-Three Appeal of Unit Grievance No. 4865-2017-NPODA05204, which was not entered until August 9, 2017, seventeen days after Plaintiff signed the Complaint and tendered it for filing on July 23, 2017. (Doc. No. 5 at 2). Even assuming that Grievance No. 4865-2017-NPODA05204 relates to the allegations against Haynes in this lawsuit, the grievance was not exhausted before Plaintiff signed and tendered his Complaint to the Court for filing. Therefore, Plaintiff failed to timely comply with the exhaustion requirements of 42 U.S.C. § 1997e(a) and his claim against Haynes must be dismissed.

The sole exception to the PLRA's exhaustion requirement provides that an inmate "must

4

exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 136 S. Ct. 1850, 1858 (2016). According to the Supreme Court, there are only three circumstances in which an administrative remedy may be considered not "available": (1) when it "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when it is "so opaque that it becomes, practically speaking, incapable of use"; and (3) when "prison officials thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60.

The fact that Plaintiff was able to exhaust Unit Grievance No. 4865-2017 NPODA05204 through all three steps of the ARP shows that there was an "available" remedy. In addition, Plaintiff does not claim that prison officials hindered, delayed, or otherwise thwarted his ability to properly exhaust his available administrative remedies. The facts of this case do not implicate any of the three circumstances identified by the Supreme Court in Ross. Id. Therefore, because the Administrative Remedy Procedure was available to Plaintiff and Plaintiff was not "thwarted" from submitting grievances addressing his claim against Haynes, Plaintiff failed to exhaust his administrative remedies before bringing this action.[1]

IV. **CONCLUSION**

In sum, for the reasons stated herein, the Court grants the summary judgment motion.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Summary Judgment, (Doc. No. 22), is **GRANTED**, and this

---

[1] Attached to his response, Plaintiff submitted two Step-One Grievances dated July 11, 2017, and July 15, 2017, and he complains that staff did not respond to either of these grievances. (Doc. No. 28-1). Nevertheless, staff did respond to the grievance Plaintiff submitted on June 9, 2017, and Plaintiff pursued the grievance through Step Three. Thus, Plaintiff has not shown the administrative remedy procedure was not available to him.

action is dismissed without prejudice for failure to exhaust administrative remedies.

2. The Clerk is respectfully instructed to terminate this action.

Signed: November 5, 2018

Frank D. Whitney
Chief United States District Judge