UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-455-FDW

| ROBERT S. BALLARD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| G. HAYNES, | ) | ORDER |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's "Motion for Reconsideration," which the Court construes as a Motion to Alter or Amend the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 33).

On July 31, 2017, pro se Plaintiff Robert Ballard filed the underlying lawsuit pursuant to 42 U.S.C. § 1983, alleging that Defendant Haynes was deliberately indifferent to Plaintiff's serious medical needs while Plaintiff was incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. In an Order dated November 5, 2018, the Court granted summary judgment to Defendant because Plaintiff did not exhaust his administrative remedies before filing this action. As the Court noted in its Order, Plaintiff *did* administratively exhaust his claim, but he exhausted it only *after* he commenced this lawsuit.

Plaintiff filed the pending motion for reconsideration on November 29, 2018, in which he argues that, before he submitted the grievance that he ultimately *did* exhaust, he submitted other grievances related to his deliberate indifference claim, but prison officials did not respond to those grievances. Thus, he argues that he was prevented from exhausting his administrative

1

remedies and is entitled to exemption from the exhaustion requirement under Ross v. Blake, 136

S. Ct. 1850, 1858 (2016).

With regard to motions to alter or amend a judgment under Rule 59(e), the United States

Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very
> narrow circumstances: "(1) to accommodate an intervening change in controlling
> law; (2) to account for new evidence not available at trial; or (3) to correct a clear
> error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers

Union, 34 F.3d 233, 236 (4th Cir. 1994)).  Furthermore, "Rule 59(e) motions may not be used to

make arguments that could have been made before the judgment was entered." Id.  Indeed, the

circumstances under which a Rule 59(e) motion may be granted are so limited that

"[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule

59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186

F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary

Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule

59(e) motion may be granted.  That is, Plaintiff's motion does not present evidence that was

unavailable when he filed his Complaint, nor does his motion stem from an intervening change

in the applicable law.  Furthermore, Plaintiff has not shown that a clear error of law has been

made, or that failure to grant the motion would result in manifest injustice to him.  See Hill, 277

F.3d at 708.  As he did in the response to the summary judgment motion, Plaintiff contends that

the prison prevented him from exhausting his administrative remedies before filing suit by

failing to respond to various grievances that he submitted before they responded to the grievance

2

that he ultimately *did* exhaust (albeit, after he commenced this action).[1]  As the Court noted in its Order denying summary judgment, Plaintiff has not shown that prison officials thwarted his right to use the grievance process, as evidenced by the fact that they *did* respond to his Grievance No. 4865-2017-NPODA05204, and he was able to take it through all three steps of the administrative process.  In sum, the Court will deny Plaintiff's motion for reconsideration.

      **IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion for Reconsideration," (Doc. No. 33), is **DENIED**.

Signed: December 7, 2018

Frank D. Whitney
Chief United States District Judge

---

[1] Although, in response to the summary judgment motion, he presented only two grievances that were allegedly thwarted, he now argues in the motion for reconsideration that prison officials ignored four grievances.